```
                                              RECEIVED
        IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF ALABAMA
                NORTHERN DIVISION              JUN 3 0 2006
```

| | | |
|---|---|---|
| **DON STRICKLAND,** | : | CLERK |
| | : | U.S. DISTRICT COURT |
| **PLAINTIFF,** | : | MIDDLE DIST. OF ALA. |
| V. | : | CIVIL ACTION NO. |
| | : | |
| **CITY OF MILLBROOK** | : | |
| **POLICE DEPARTMENT, MAYOR OF** | : | **JURY DEMAND REQUESTED** |
| **CITY OF MILLBROOK, MILLBROOK** | : | |
| **CITY COUNCIL,** | : | |
| | : | |
| **DEFENDANTS.** | : | |

## COMPLAINT

### A. JURISDICTION

1. Comes now the Plaintiff, Don Strickland, (hereinafter referred to as "Plaintiff Strickland"), and by and through his counsel, files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court pursuant to applicable laws under 28 U.S.C. § 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the **Civil Rights Act of 1964,** as amended, (42 U.S.C. § 2000 (e) et seq.), the 1991 Civil Rights Act, 42 U.S.C. 1981, 1981a; Age Discrimination in Employment Act (ADEA), to provide injunctive relief, the costs of suit, including reasonable attorneys fees, back pay, compensatory and punitive damages, and all other or different relief the Court may deem appropriate and necessary.

2. Plaintiff Strickland filed a charge of age discrimination with the Equal Employment Opportunity Commission, ("EEOC"), Birmingham District Office, Charge No. 130-2006-00562 against the City of Millbrook Police Department, City of Millbrook

Mayor, City of Millbrook, City Council, on or about Ocatober 28, 2005.[1] On April 4, 2006, the EEOC issued Plaintiff Strickland a Dismissal and Notice of Rights in regards to his charge of discrimination, which Plaintiff Strickland received on or about April 7, 2006.[2]

3. The unlawful employment practices which are alleged herein were committed in the County of Elmore, the City of Millbrook, which is in the Middle District of Alabama. Since Defendants' place of businesses are located in Millbrook, Alabama, venue is also appropriate in the Middle District of Alabama, Northern Division.

## B. PARTIES

4. Plaintiff Strickland is over the age of forty (40) years, and at all times relevant hereto, has been a citizen of the United States of America and a resident at 4221 Millbrook Lane, Millbrook, Alabama 36054.

5. Defendant City of Millbrook, Police Department (hereinafter referred to as "Defendant"), has its primary place of business and agent located at 3841 Grandview Road and/or 3390 Main Street, Millbrook, Alabama.

6. Defendant the Mayor of City of Millbrook has its primary place of business and agent located at 3841 Grandview Road and/or 3390 Main Street, Millbrook, Alabama.

7. Defendant City Council of the City of Millbrook has its primary place of business and agent located at 3841 Grandview Road and/or 3390 Main Street,

---

[1] A copy of such charge of discrimination attached hereto and marked as Exhibit "A".

[2] A copy of the Notice of Right To Sue is attached hereto and marked as Exhibit "D".

Millbrook, Alabama.

## C. STATEMENT OF FACTS

6. Plaintiff Strickland a Caucasian male, who is 53 years old and reside at 4221 Millwood Lane, Millbrook, Alabama, 36054.

7. Plaintiff Strickland avers that he is an employee of the City of Millbrook Police Department and his official title is that of Lieutenant for the Police Department. Plaintiff avers that he is and has been a faithful, loyal and dedicated employee, who has faithfully served and continue to serve the Police Department with dignity and honor.

8. Plaintiff, however, feels as though he has been discriminated against and denied the opportunuity to apply for the Assistant Chief of Police Position, which was given to a younger individual in his late thirties, namely, P.K. Johnson.

9. The Assistant Chief of Police position was created in January 2000, which the Chief of Police asked Plaintiff, on more than one occasion if he was interested in the positon, which Plaintiff, of course, said yes! Plaintiff was asked in 2000 and again in 2003. Nonetheless, Plaintiff was never given the opportunity to apply for the position, which was filled by P.K. Johnson in September 2005, some five years later.

10. The position was never posted, applications were never requested, and Plaintiff was never interviewed for the positon.

11. Instead the City of Millbrook appointed P.K. Johnson to the position, in order to deny Plaintiff the opportunity to apply.

12. As a result, Plaintiff wrote a letter to the City of Millbrook in regards to the discrimination that Plaintiff was subjected to because of his age, which they of course denied.

13. Plaintiff believes that he is a victim of age discrimination in violation of Title VII of the Civil Rights Laws and all amendments thereto.

## PLAINTIFF STRICKLAND'S CAUSE OF ACTION

### COUNT I:
### AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, as amended, 29 USC § 621 et.seq., 29 USC § 623

14. Plaintiff Strickland repeats, realleges, and incorporates by reference paragraphs 1-13, above and further avers that his denial of promotion and job advancement was effected with the design, intent, and purpose of denying him a position because of his age.

36. Plaintiff Stricklandl avers that he has been damaged by the age discrimination practiced by the Defendants, having been denied the position as the Assistant Chief of Police, and even denied the opportunity to apply for said position, and that said age discrimination is in violation of 29 U.S.C. Section 621, et seq. and 29 U.S.C. Section 623 et seq.

37. Plaintiff Strickland also avers that Defendants' age discrimination against him was willful and/or wanton and/or malicious, and that a doubling of the damages is appropriate.

WHEREFORE, premises considered, Plaintiff Strickland respectfully prays that

this Honorable Court will take jurisdiction of this case and grant the following relief:

    a. A judgment declaring that Plaintiff Strickland was discriminated against by the Defendants due to his age;

    b. An injunction requiring that Defendants provide Plaintiff Strickland with back pay retroactive to the date of hire to the position of Assistant Police Chief;

    c. An injunction requiring Defendant to grant Plaintiff Strickland all employment benefits and other rights to which he would have been entitled, had he not been a victim of age discrimination.

    d. A judgement awarding Plaintiff Strickland all back pay and benefits he would have received, but for the discriminatory practices, and a doubling of the damages for back pay and benefits in the event this Court finds the age discrimination was willful;

    e. An award of court costs and reasonable attorney's fee; and

    f. Such further, other or different relief, as the Court may deem appropriate and necessary.

**Respectfully submitted this 30th day of June, 2006.**

_____
Don Strickland

OF COUNSEL:

_____
Karen Sampson Rodgers, Esq.

McPHILLIPS, SHINBAUM & GILL, L.L.P.
P.O. Box 64
516 South Perry Street
Montgomery, Alabama 36101
(334) 262-1911 phone
(334) 263-2321 fax